```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
PASAN WITHARANA,

                           Plaintiff,

        -against-                                              MEMORANDUM AND ORDER

NYC TAXI LIMOUSINE COMMISSION,                                 13-CV-4338 (ENV) (MDG)

                           Defendant.
-------------------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 17 2013 ★
BROOKLYN OFFICE

VITALIANO, D.J.

On July 25, 2013, plaintiff Pasan Witharana, appearing *pro se*, filed this action alleging that defendant New York City Taxi and Limousine Commission ("TLC") unlawfully denied him a license to operate a New York City taxicab. He seeks $900 million in damages, as well as an injunction requiring TLC to issue him a license "as soon as possible." (Compl. (Dkt. No. 1) ¶ 8). Although Witharana fails to state a basis for federal jurisdiction, the Court liberally construes his claims as arising under 42 U.S.C. § 1983. The Court grants Witharana's request to proceed *in forma pauperis*, but, for the reasons set forth below, dismisses his complaint with leave to amend.

## Background

Witharana alleges that, on March 8, 2013, he applied to TLC for a taxicab license. (*Id.* ¶ 1). On June 6, he received a letter from TLC's Fitness Review Unit requesting documentation regarding an earlier arrest and subsequent criminal

1

proceedings. (*Id.* ¶ 2, Unmarked Exhibit (letter to Witharana from Richard Ain, attorney with the Fitness Review Unit) ("Ain letter")). Plaintiff contends that, in response to this letter, he provided all the requested documents, including medical reports and the disposition of his prior criminal case, but did not receive licensure. (*Id.* ¶¶ 2-3). He further alleges that he was effectively stonewalled by TLC officials, who directed him to report to a TLC-approved doctor "to determine if he was mentally fit to hold a TLC medallion operator's license." (Ain letter at 1; *see also* Compl. ¶¶ 3-5). Finally, Witharana claims that, during his evaluation, the doctor ordered him to sign a blank evaluation form, insulted him, and asked him to leave (presumably prematurely). (Compl. ¶ 6). Witharana was eventually denied a license. (Compl. ¶ 7). Apparently forgoing state appellate remedies, Witharana then filed this action.

## Standard of Review

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, the court need not accept as true legal conclusions couched as factual allegations.

2

*Papasan v. Allain*, 478 U.S. 265, 286 (1986). Moreover, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). On the other hand, "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011). All that is required is "a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.*

It is axiomatic that *pro se* pleadings are held to less stringent standards than those drafted by attorneys, and the Court must read a *pro se* plaintiff's complaint liberally and interpret it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). However, in an *in forma pauperis* action, the Court must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

<u>Discussion</u>

To maintain an action under 42 U.S.C. § 1983, a plaintiff must allege that "the conduct complained of [was] committed by a person acting under color of state law," and that the conduct "deprived [him] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d

3

545, 547 (2d Cir. 1994). Although TLC is a state actor, it is well-settled that agencies of New York city are not suable under § 1983. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Graham v. City of New York*, 869 F.Supp.2d 337, 348 (E.D.N.Y. 2012) ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.") (quoting N.Y. City. Charter, Ch. 17 § 396). Accordingly, TLC is a non-suable entity, and the action against it must be dismissed on that ground. *See Nnebe v. Daus*, 644 F.3d 147, 158 n.6 (2d Cir. 2011) (upholding dismissal of claims against TLC as a non-suable entity).

Furthermore, Witharana fails to allege that he was deprived of a constitutional right. First, he has not asserted a proper due process violation, since there is no property interest at stake in an application for a taxicab license. "[B]ecause the TLC has discretion to grant or deny a taxicab license application, there is neither a certainty nor a very strong likelihood that any given application will be granted." *Mordukhaev v. Daus*, 457 F. App'x. 16, 20 (2d Cir. 2012) (citations omitted). Consequently, Witharana has no claim of entitlement to a TLC medallion cab operator's license, and TLC's denial of his application did not, in and of itself, deprive him of a constitutionally protected property interest. *Id.* at 19-20.

To the extent that Witharana asserts a discrimination claim based on his prior arrest, he has not alleged conduct that violates federal constitutional or

4

statutory law, even if the allegation is true. Federal law does not protect individuals against discrimination based on criminal history. *See, e.g., Parks v. New York City Dep't of Corr.*, 253 F. App'x 141 (2d Cir. 2007) (holding that "the District Court correctly concluded that Title VII does not cover alleged discrimination on the basis of an employee's arrest record"); *Whaley v. Lopez,* No. 12–CV–2889 (SJF) (ARL), 2012 WL 3137900, at *10 (E.D.N.Y. July 30, 2012) ("[A]n individual's criminal history is not an impermissible consideration for purposes of the Equal Protection Clause.").

Witharana also claims that the doctor who evaluated him "insulted [him] and [his] race and asked [him] to leave." (Compl. ¶ 6). Certainly, racial discrimination is prohibited under both Title VII and the Constitution's equal protection clause. However, Witharana has not sued, nor even identified, the doctor in question, and the Court has no basis to infer that this doctor made these comments under the color of state law. Nor are there facts in the complaint indicating that these allegedly racist remarks were causally connected to the TLC's denial of Witharana's license application, even if the doctor was acting under the color of state law. In its current form, the complaint fails to allege facts necessary to make out cognizable claim for racial discrimination.

## Leave to Amend

In light of Witharana's *pro se* status, the Court grants him 30 days leave from the date this Order is entered on the docket to amend his complaint. To avoid

5

dismissal, the amended complaint must name a properly suable defendant or defendants, and must allege, in line with this Memorandum, violations of Witharana's federal statutory or constitutional rights. Plaintiff is further advised that he may have state law appellate rights he might timely consider.

## Conclusion

For the reasons stated above, the complaint is dismissed without prejudice and with leave to amend and refile. Any amended complaint submitted pursuant to the grant of leave must be filed within 30 days of the entry on the docket of this Memorandum and Order. If plaintiff fails to timely file the amended complaint, which will bear the same docket number, his case will be dismissed and judgment will be entered for defendant.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So Ordered.

Dated: Brooklyn, New York
September 11, 2013

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge